Felix TORRES

v.

WILDEN PUMP & ENGINEERING CO.

No. 90 C 2138.

United States District Court,
N.D. Illinois, E.D.

July 25, 1990.

Sheldon N. Goldberg, Goldstein, Goldberg & Fishman, Chicago, Ill., for plaintiff.

Jeffrey Singer, Larry Crown, Segal McCambridge Singer & Mahoney, Ltd., Chicago, Ill., for defendant.

## ORDER

BUA, District Judge.

After plaintiff Felix Torres was injured while working near a plastic plating machine, he filed this products liability action against defendant Wilden Pump & Engineering Co. ("Wilden Pump"). Torres' products liability action is predicated on two theories: negligence and strict liability. Torres claims that the plastic plating machine was negligently designed and that it was unreasonably dangerous at the time it left the control of the manufacturer. Arguing that Torres cannot recover under either theory, Wilden Pump has filed a motion for summary judgment.

■ In support of its motion, Wilden Pump states that it has never manufactured or distributed a plastic plating machine or any other type of similar machine. Affidavit of Gary L. Cornell, ¶ 2. Torres has not denied or otherwise objected to this factual assertion. Since this factual matter is not disputed, Wilden Pump is entitled to summary judgment.

■ To maintain a products liability action under a theory of strict liability, the plaintiff must demonstrate that his injury resulted from an unreasonably dangerous condition of the product and that the defective condition existed when the product left the manufacturer's control. *Coney v. J.L.G. Indus., Inc.*, 97 Ill.2d 104, 111, 73 Ill.Dec. 337, 340, 454 N.E.2d 197, 200 (1983); *Suvada v. White Motor Co.*, 32 Ill.2d 612, 623, 210 N.E.2d 182, 188 (1965). A manufacturer which is not in the business of placing the product into the stream of commerce cannot be held strictly liable for defects in that product. *See Abel v. General Motors Corp.*, 155 Ill.App.3d 208, 218, 507 N.E.2d 1369, 1376 (2d Dist.1987); *see also Goetz v. Avildsen Tool & Machs., Inc.*, 82 Ill.App.3d 1054, 1060, 38 Ill.Dec. 324, 330, 403 N.E.2d 555, 561 (1st Dist. 1980) ("[a] manufacturer must be in the business of selling the allegedly defective product to be held strictly liable in tort"). Having never placed a plastic plating machine into the stream of commerce, Wilden Pump cannot be liable under a theory of

strict liability. For this very same reason, Torres cannot proceed on a negligence theory; Wilden Pump simply did not manufacture, design, or distribute the plastic plating machine that allegedly caused Torres' injuries.

The court therefore grants Wilden Pump's motion for summary judgment.